UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONNIE CONDOR                                                          CIVIL ACTION

VERSUS                                                                         NO. 07-3390

ALLSTATE INSURANCE COMPANY                              SECTION "C" (5)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.[1]

The plaintiff's amended petition concerns unpaid Katrina-related losses allegedly covered under a homeowner's policy issued by the defendant.   This matter was originally removed on the basis of diversity jurisdiction as part of *Shelton v. Allstate Insurance Co.*, 06-7763 ("R") and subsequently severed and refiled.

With regard to the existence of the jurisdictional minimum, the parties may

---

[1] Because original jurisdiction was based on removal prior to severance, the Court considers the amended complaint as remaining before the Court on removal for purposes of this jurisdictional analysis.

neither consent to nor waive federal subject matter jurisdiction.  <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u>  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes.   Its argument is based largely on the policy limits, along with the possibility of penalties.  (Rec. Docs. 10 & 11).  In her original memorandum, the plaintiff challenges the defendant's proof of the existence of the jurisdictional minimum at the time of removal based on the edict of *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 199 (La. 2008).   (Rec. Doc. 9).   In supplemental memorandum, the plaintiff states that she has rejected an offer of approximately $20,500.00 and does not have any affirmative proof as to the damages sustained.  She also advises that she has received $90,000.00 in Road Home funds.  Under these circumstances, the Court finds that the defendant has not made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 18th day of November, 2008.

                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE